IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA SELENSKY,            :

    Plaintiff,         :

vs.                        :CIVIL ACTION NO. 11-00195-KD-B

STATE OF ALABAMA,          :

    Defendant.         :

### ORDER

This action is before the Court on Plaintiff's Complaints and Motions to Proceed Without Prepayment of Fees (Docs. 1, 2, 3, 4). Turning first to Plaintiff's Motions to Proceed Without Prepayment of Fees (Docs. 2, 4), the undersigned finds that the motions are due to be granted.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing her Complaints[1] (Docs. 1, 3) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law

---

[1] As best the Court can determine, the Complaints are identical.

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).
1997).

A review of Plaintiff's Complaints in this case reveals that they are fatally flawed. The allegations in the Complaints are rambling and devoid of a coherent thought. (Docs. 1, 3). From the allegations, the Court is unable to discern how Plaintiff believes she has been injured, who allegedly injured her, and what claims she wishes to pursue. As currently drafted, Plaintiff's Complaint does not contain a short and

plain statement of her claims as required by Rule 8(a) of the Federal Rules of Civil Procedure.[3] Rule 8(a) requires the complaint contain "short and plain statements of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed. 2d 517 (1993). A complaint "should be short because '[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant materials from a mass of verbiage.'" Id. (quoting 5C Wright & A. Miller, Federal Practice and Procedure § 1281, at

---

[3]Rule 8(a) provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

4

365 (1969)). When a complaint is not a short and plain statement, the Court is required to intervene at the earliest opportunity and order the plaintiff to re-plead his complaint by filing a complying amended complaint. Pelletier v. Zweifel, 921 F. 2d 1465, 1522 n. 103 (11th Cir.), cert. denied, 502 U.S. 855, 112 S. Ct 167, 116 L. Ed. 2d 131 (1991). Otherwise, the Court and the defendant would have to decipher a plaintiff's pleadings "with the expenditure of much time and effort." Id. The failure to plead an amended complaint that complies with Rule 8(a), that is, an amended complaint that provides fair notice to the Court and each defendant of each claim against each defendant, after being required to re-plead a complaint, will result in the dismissal of the action under Fed.R.Civ.P. 41(b) for the failure to comply with the Court's order. Pelletier, 921 F. 2d at 1522 n.103.

Accordingly, Plaintiff is ORDERED to file, on or before **May 31, 2011**, an amended complaint. In her amended complaint, Plaintiff is ORDERED to provide facts regarding her claim. In other words, Plaintiff must state what the Defendant did to violate Plaintiff's rights. Plaintiff's amended complaint will supersede her original Complaints (Doc. 1, 3). Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982). Therefore, Plaintiff shall not reference her prior Complaints.

5

Additionally, when Plaintiff is drafting her new complaint, she must state why this Court has jurisdiction over her action. In order to preside over an action in federal court, the federal court must have jurisdiction over the action[3]. <u>Fitzgerald v. Seaboard Syst. R.R., Inc.</u>, 760 F. 2d 1249, 1251 (11th Cir. 1985). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE</u>, 236 F. 3d 1292, 1299 (11th Cir. 2001) Rule 8(a) requires a plaintiff to include in her complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." In this action, the Court is unable to discern, due to the incoherent nature of Plaintiff's Complaint, any conceivable jurisdictional foundation. The failure to establish this Court's jurisdiction, after being given an opportunity to replead, will result in the dismissal without prejudice of this action. <u>Pelletier</u>, 921 F.2d at 1522.

---

[3] To establish federal subject matter jurisdiction for this action, Plaintiff must show the existence of either diversity jurisdiction(pursuant to 28 U.S.C. § 1332) or federal question jurisdiction (pursuant to 28 U.S.C. § 1331). <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994)("Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question.").

Accordingly, in repleading her Complaint, Plaintiff shall set forth the basis for this Court's jurisdiction.

Plaintiff is **cautioned** that the failure to file, by **May 31, 2011,** an amended complaint that addresses the pleading deficiencies noted above, will result in the dismissal of this action for failure to prosecute and to obey the Court's Order.

The Clerk is **DIRECTED** to send Plaintiff The Pro Se Litigant Guide for her use. Plaintiff is encouraged to study the Guide, which includes an outline of a sample complaint, before she attempts to draft her amended complaint.

**DONE** this the **11th** day of **May, 2011.**

                                  **/S/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**