IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**LINDA SELENSKY,**              :

      **Plaintiff,**           :

**vs.**                          :     CIVIL ACTION NO. 11-00195-KD-B

**STATE OF ALABAMA,**            :

      **Defendant.**           :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, and *in forma pauperis*, filed an Amended Complaint (Doc. 6), in response to the Court's directive that she amend her Complaint so as to provide a short and plain statement of her claims as required by Rule 8(a) of the Federal Rules of Civil Procedure, and that she provide the basis for federal jurisdiction over this action. (Doc. 5). Because Plaintiff is proceeding *in forma pauperis*, the undersigned is required to screen her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1]  After carefully screening Plaintiff's Amended

---

[1] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

(Continued)

Complaint (Doc. 6), it is recommended that Plaintiff's action be dismissed with prejudice, prior to service of process, for lack of subject matter jurisdiction, and in the alternative, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Background facts**

In her Amended Complaint, Plaintiff lists the State of Alabama as the defendant[2], and asserts that she is seeking all the rights to which she is entitled under due process, and that her right to liberty was taken away when she was "incarcerated" on the fifth floor of Mobile Infirmary Hospital against her will. According to Plaintiff, she was "tricked, threatened, drugged and exposed to humiliation" during her hospital stay. Plaintiff also alleges that her worker's compensations payments

---

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal -
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] In her Amended Complaint, Plaintiff makes reference to "Dr. Jay Mulkerne" and "Dr. Ronnie Pollard"; however, he has not listed them as defendants in the caption of her Amended Complaint, nor has she identified them as defendants in the Amended Complaint. The sole Defendant identified is the State of Alabama.

were reduced from $284.00 per week to $33.00 per week because she refused to settle her claims, and that she is asserting claims for discrimination, civil rights conspiracy violation, fraud, false imprisonment, assault and battery, and the tort of outrage for herself and "all Americans". Plaintiff also avers that she has been to every court in Alabama, and to the United States Supreme Court. (Doc. 6 at 2-3).

A review of the Court's records reflects that Plaintiff has an extensive litigation history with this Court. See Selensky v. Mobile Infirmary, CA 06-0217-WS-M (S.D. Ala. June 12, 2006); Selensky v. State of Alabama, CA 08-0173-WS-C (S.D. Ala. July 3, 2008); and Selensky v. Judge Whiddon, et al, CA 09-0592-CG-C (S.D. Ala. Nov. 13, 2009). Like the instant case, in the action styled Selensky v. Mobile Infirmary, Plaintiff was advised that her complaint was deficient because it did not provide a jurisdictional basis and did not contain a short and plain statement showing that she was entitled to relief. She was given an opportunity to correct her pleadings; yet, she failed to do so. Thus, her action was dismissed for failure to establish subject matter jurisdiction. The latter two actions were also

dismissed because Plaintiff failed to establish subject matter jurisdiction[3].

II. Discussion

A federal court's jurisdiction is limited; that is, it only hears certain types of actions. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. ___,___, 112 S. Ct. 1076, ___, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 510 (1986). . . . It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. President of Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed.1135 (1936).

Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). A plaintiff seeking to invoke the federal court's jurisdiction must establish this jurisdiction in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating

---

[3] The action styled Selenksy v. State of Alabama was also dismissed on the alternative that it was frivolous. See Selensky v. State of Alabama, CA 08-0173-WS-C (S.D. Ala. July 3, 2008).

the existence of jurisdiction" must be stated as well); <u>Kirkland Masonry, Inc. v. Comm'r</u>, 614 F.2d 532, 533 (5th Cir. 1980) (same); Fed.R.Civ.P. 8(a)(1) (directing that a complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"). A complaint fails to invoke the Court's jurisdiction when the complaint "is wholly insubstantial and frivolous." <u>Southpark Square Ltd v. City of Jackson, Miss.</u>, 565 F. 2d 338, 341-42 (5th Cir. 1977); <u>Dunlap v. G & L Holding Group, Inc.</u>, 381 F. 3d 1285, 1291-92 (11th Cir. 2004)(federal issue must be "substantial" to confer federal subject matter jurisdiction).

In the instant action, Plaintiff has wholly failed to establish a basis for a federal cause of action. Her passing references to "due process", "discrimination", and "civil rights conspiracy" do not offer any basis for concluding that she has a substantial, non-frivolous federal claim. She has not provided any facts upon which a federal claim could be inferred. Thus, she has failed to meet her burden of establishing subject matter jurisdiction in her Complaint. See <u>Taylor</u>, 30 F.2d at 1367.

Another fatal deficiency in Plaintiff's Amended Complaint is that the state of Alabama is listed as the sole Defendant. The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. <u>Alabama</u>

5

v. Pugh, 438 U.S. 781, 781, 98 Ct. 3057, (1978)(ruling the Eleventh Amendment barred an action against the state). The two exceptions to a state's sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity. Carr v. City of Florence, Ala., 916 F. 2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S. Ct. at 3057-58(finding Article I § 14 of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, Ala., 116 F. 3d 1419, 1429 (11th Cir. 1997)(holding Alabama has not waived its Eleventh Amendment immunity). Nor has Congress abrogated a state's Eleventh Amendment immunity in section 1983 claims. Carr, 916 F. 2d at 1525. Therefore, this action is without legal merit as a matter of law and is due to be dismissed as frivolous. A claim that is frivolous fails to invoke this court's subject matter jurisdiction, Southpark, 565 F. 2d at 341-42, and is due to be dismissed. In addition, an action that is frivolous is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

    The attached sheet contains important information regarding objections to this recommendation.

DONE this **23rd** day of **June, 2011.**

                                 /s/ SONJA F. BIVINS
                                 **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **June, 2011.**

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**